UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-CR-20029 |
| ) | |
| FRANK KELLY CIOTA, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on the pro se Motions to Reduce Sentence (#179, #181) filed by Defendant, Frank Kelly Ciota, and the Motion to Dismiss (#184) filed by the Government. Following this court's careful analysis, the Government's Motion to Dismiss (#184) is GRANTED and Defendant's pro se Motions (#179, #181) are dismissed. Because Defendant therefore has no request for any relief remaining before this court, Defendant's pro se Motion to Produce Documents (#182) is denied as MOOT.

BACKGROUND

On August 5, 2005, Defendant was charged, along with his co-defendants Gary Knox and Dennis Wiese, in a 42-page superseding indictment (#13) which alleged various counts of bank fraud, mail fraud, wire fraud and conspiracy to commit money laundering. Specifically, Defendant was charged with one count of bank fraud, one count of wire fraud, five counts of mail fraud and one count of conspiracy to commit money laundering. The superseding indictment set out in a detailed and specific manner the actions of Defendant, Knox and Wiese in devising and executing a broad and long-lasting scheme to defraud

various real estate lenders, including Central Illinois Bank, located in Champaign, Illinois, a federally-insured bank, real estate sellers, real estate buyers, and others.

On April 17, 2006, Defendant pleaded guilty to all eight of the charges against him in the superseding indictment. After numerous continuances and lengthy hearings, Defendant was sentenced on March 12, 2008, to a term of 97 months in the Federal Bureau of Prisons.

On January 3, 2012, Defendant filed a pro se Motion Pursuant to 18 U.S.C. § 3582(c)(2) (#179) and a Memorandum in Support (#180). On January 17, 2012, Defendant filed another pro se Motion Pursuant to 18 U.S.C. § 3582(c)(2) (#181). In both pro se Motions, Defendant sought a reduction in his sentence. On March 21, 2012, the Government filed a Motion to Dismiss Defendant's Motions to Reduce Sentence (#184).

## ANALYSIS

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011). An exception is provided for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Defendant brought both of his pro se Motions pursuant to 18 U.S.C. § 3582(c)(2) and claims that this exception applies to him. In his first Motion, Defendant argued that he did

2

not receive the benefit of consideration of the fair market value of collateral pledged in determining the loss amount. In his second Motion, Defendant argued that § 4A1.2(c)(1) of the United States Sentencing Guidelines was amended in 2007 and that applying the new guideline would result in his prior deceptive practices conviction not being counted in the calculation of his criminal history category.

In its Motion to Dismiss, the Government has pointed out that a district court may modify a sentence under 18 U.S.C. § 3582(c)(2) only if the amendment to the Sentencing Guidelines has been made retroactive by the Sentencing Commission. See United States v. Alexander, 553 F.3d 591, 593 (7th Cir. 2009). Under § 1B1.10(a) of the Sentencing Guidelines, a defendant's sentence may be reduced under § 3582(c)(2) only if the amendment to the Sentencing Guidelines is listed in § 1B1.10(c) of the Sentencing Guidelines and thereby made retroactive. "[A]n amendment to the guidelines that is not made retroactive by the Sentencing Commission is not a ground for reopening a sentence imposed before the amendment went into effect." Alexander, 553 F.3d at 593. A district court lacks subject matter jurisdiction to consider a defendant's request for a sentence reduction under § 3582(c)(2) unless the defendant's sentencing range was subsequently lowered by the Sentencing Commission and the amendment to the Sentencing Guidelines was made retroactive. See United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

The Government is correct that Defendant's argument in his first pro se Motion (#179) is not actually even based on an amendment to the Sentencing Guidelines. Defendant's claim is based on a disagreement with the initial advisory sentencing guideline calculation. In

addition, the amendments to the Sentencing Guidelines Defendant refers to in his Motion are not listed in § 1B1.10(c) of the Sentencing Guidelines and have not been made retroactive. The Government is also correct that the amendment to the Sentencing Guidelines Defendant has relied on in his second pro se Motion (#181), Amendment 709, is not listed in § 1B1.10(c) of the Sentencing Guidelines and was not made retroactive by the Sentencing Commission. See Alexander, 553 F.3d at 592-93.

Accordingly, the Government is correct that no action by the Sentencing Commission has resulted in the lowering of Defendant's advisory sentencing range. Therefore, this court lacks jurisdiction to consider Defendant's pro se Motions and they must be dismissed. See Forman, 553 F.3d at 588.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion to Dismiss (#184) is GRANTED.

(2) Defendant's pro se Motions (#179, #181) are dismissed.

(3) Defendant's pro se Motion to Produce Documents (#182) is denied as MOOT.

ENTERED this 26th day of March, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE